After a jury trial, the defendant, Cortney Street, was found guilty of operating while under the influence of intoxicating liquor (and with a blood alcohol level of .08 percent or greater), and negligent operation of a motor vehicle. On appeal, the defendant argues that the motion judge erred in failing to suppress as involuntary all of her statements made to the police. The defendant also argues that she was erroneously denied a meaningful opportunity to cross-examine the Commonwealth's expert at trial. Finally, the defendant argues that she received ineffective assistance of counsel. We affirm.
Background. At approximately 2:00 A.M. on April 4, 2014, Officers Orlando, Bizarro, and Rei of the New Bedford police department were dispatched to the scene of a roll-over automobile accident. The wheels of the overturned vehicle, which was later determined to be registered to the defendant, were still spinning when the officers arrived at the scene of the accident. A downed light pole was located near the vehicle.
After finding no one in the passenger compartment of the vehicle, Officer Orlando approached a woman who later identified herself as the defendant, Cortney Street.[2] She was standing approximately ten feet from the crashed vehicle, had no shoes on, and was shaking and crying. The defendant had no visible injuries and, although she was upset, she was coherent. The defendant made statements to Officer Orlando, discussed infra, indicating that she was the operator of the crashed vehicle. An odor of alcohol emanated from her breath, and she had glassy, bloodshot eyes. Based on his interaction with the defendant, Officer Orlando concluded that she was intoxicated.
The defendant was subsequently transported to the hospital for medical evaluation. The defendant's blood was drawn after her arrival at the hospital. A forensic scientist from the office of alcohol testing testified, based on her reading of the defendant's medical records admitted in evidence, that the defendant's blood alcohol concentration was above .14 percent when her blood was drawn at the hospital, shortly after the accident.
Discussion. 1. Motion to suppress. The defendant argues that the motion judge erred by failing to suppress all of the defendant's statements relating to her operation of the crashed vehicle on the basis that they were involuntary.[3] The motion judge suppressed the defendant's response to Officer Orlando's leading question about whether she had too much to drink that night after concluding that it was involuntary. No other statements made by the defendant during her interaction with Officer Orlando were suppressed.
a. The defendant's statement identifying herself as Cortney Street. After arriving on the scene of the accident, Officer Orlando spoke with the defendant, who identified herself as Cortney Street. The defendant argues that the judge erred in failing to suppress this statement.
Even if we were to assume that this statement should have been suppressed as involuntary, we conclude that its admission in evidence was harmless beyond a reasonable doubt. See Commonwealth v. Tyree, 455 Mass. 676, 701 (2010). At trial, Officer Rei identified the defendant as the person with whom Officer Orlando was speaking after the accident. Moreover, the defendant's medical records, which twice refer to the defendant as the driver of a vehicle involved in a roll-over accident after striking a pole, were introduced in evidence. The registration of the overturned vehicle, which bore the defendant's name, was also admitted in evidence at trial. See Commonwealth v. Cromwell, 56 Mass. App. Ct. 436, 439 (2002) (stating that defendant's status as registered owner of vehicle involved in accident circumstantial evidence of defendant's operation of vehicle). In sum, the defendant's statement to Officer Orlando as to her identity was harmless beyond a reasonable doubt due to the additional evidence identifying the defendant as the operator of the vehicle. See Commonwealth v. Neves, 474 Mass. 355, 366 (2016).
b. The defendant's statement regarding her driving route. Officer Orlando testified at trial that the defendant informed him that she had been driving from a local club to her boy friend's home when the accident occurred. This statement was not elicited during the hearing on the motion to suppress and no argument was made at the time of the hearing that this statement should be suppressed.[4] The testimony of Officer Orlando concerning this statement was not objected to at trial. The defendant argues for the first time on appeal that this statement was improperly admitted at trial.
Because the issue was not brought to the judge's attention during the hearing on the motion to suppress and because there was no objection to it at trial, we review to determine whether the admission of the statement in evidence gave rise to a substantial risk of a miscarriage of justice. See Commonwealth v. Freeman, 352 Mass. 556, 563-564 (1965).
The statement was incriminatory only to the extent that it constituted evidence that the defendant operated the vehicle; the defendant did not state that she had been drinking at the club and did not comment on the manner in which she was driving the vehicle at the time of the accident. As previously discussed, additional evidence, apart from this statement, was admitted indicating that the defendant was the operator of the vehicle. The admission of this statement in evidence did not create a substantial risk of a miscarriage of justice.
2. Cross-examination of the Commonwealth's expert. The defendant further argues that she did not have a meaningful opportunity to cross-examine the Commonwealth's expert witness on the basis that the witness could not comment on the blood-drawing procedures employed by the hospital staff who treated the defendant on the night of the accident.
An expert witness may base her opinion on facts or data not in evidence if the facts or data are independently admissible in evidence and are a permissible basis for an expert to consider in formulating an opinion. See Commonwealth v. Waite, 422 Mass. 792, 803 (1996). See also Mass. G. Evid. § 703 (2017).
Here, the Commonwealth's expert witness opined that the defendant's blood alcohol content was above .14 percent when her blood was drawn following her transportation to the hospital. The expert's opinion was properly based on her reading of the defendant's hospital records, which were later admitted as an exhibit pursuant to G. L. c. 233, § 79. See Commonwealth v. McLaughlin, 79 Mass. App. Ct. 670, 673-678 (2011). The defendant took full advantage on cross-examination of the expert's lack of knowledge as it related to the blood-drawing procedures employed by staff at the treating hospital. There was no error.
3. Ineffective assistance of counsel. The defendant further argues that defense counsel was ineffective based on his failure to (1) seek suppression of Officer Rei's prior identification of the defendant made during an earlier motion to suppress proceeding; (2) object to Officer Rei's in-court identification of the defendant at trial; and (3) pursue a humane practice instruction at trial.
A defendant alleging ineffective assistance must establish (1) "serious incompetency, inefficiency, or inattention of counsel-behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer" and (2) the resulting deprivation of "an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). The defendant raises her claims of ineffective assistance of counsel on direct appeal, which constitutes the "weakest form of such a challenge because it is bereft of any explanation by trial counsel for his actions and suggestive of strategy contrived by a defendant viewing the case with hindsight." Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002). See Commonwealth v. Ramos, 66 Mass. App. Ct. 548, 552 (2006) ("While we could speculate about defense counsel's rationale for proceeding the way he did, the proper mechanism for advancing the defendant's ineffective assistance claim is through a motion for a new trial ...").
Viewing defense counsel's strategy in the abstract, it may seem as if the defendant would have benefited by preventing Officer Rei from identifying the defendant at trial. However, Officer Rei's identification of the defendant was equivocal at the prior hearing on the motion to suppress. Defense counsel, presuming that Officer Rei would again equivocate, may have believed that an equivocal identification by Officer Rei at trial would add an additional layer of doubt as to the defendant's identity. When Officer Rei did not equivocate in his identification of the defendant at trial, defense counsel cross-examined him using his prior, imprecise identification made during the hearing on the motion to suppress. We cannot say, in hindsight, that defense counsel's decision to allow Officer Rei to identify the defendant constituted ineffective assistance of counsel.[5] ,[6]
Even if we were to assume that the first prong of Saferian had been met, significant evidence apart from Officer Rei's identification, including the defendant's hospital records and vehicle registration, was admitted indicating that the defendant was the operator of the motor vehicle involved in the accident. Although the identification testimony potentially bolstered the other evidence, it did not deprive the defendant of an otherwise available, substantial ground of defense where other significant evidence of operation was admitted at trial.
The same may be said of the defendant's statements indicating that she was operating the vehicle at the time of the accident. Although counsel did not request a humane practice instruction as to the defendant's statements about operating the crashed vehicle, the medical records and registration put in evidence independently showed that the defendant was the operator of the vehicle. Additionally, the record before us indicates that the voluntariness of the defendant's statements was not a live issue at trial. In fact, defense counsel made use of his client's statements after the accident to bolster his closing argument. The defendant was thus not deprived of a substantial ground of defense based on the lack of a humane practice instruction. See Commonwealth v. Wadlington, 467 Mass. 192, 200 n.12 (2014).
Based on the record before us, which does not include an affidavit from the defendant's trial counsel, we cannot say that his failure to seek suppression of Officer Rei's prior identification or to object to his in-court identification at trial, as well as counsel's failure to request a humane practice instruction, constituted ineffective assistance of counsel.
Judgments affirmed.

At trial, Officer Orlando was unable to identify the defendant as the woman with whom he spoke. At trial, Officer Rei identified the woman with whom Officer Orlando spoke as the defendant.

The defendant does not argue that the statements were elicited in violation of the defendant's Miranda rights.

This statement appears to have been in the police report related to the defendant's arrest.

In coming to this conclusion, we note that we do not have the benefit of an affidavit or the testimony of trial counsel as to his trial strategy because the defendant's claim of ineffective assistance is raised for the first time on direct appeal. See Peloquin, 437 Mass. at 210 n.5.

It is not necessary for us to decide whether this identification falls within the scope of the "good reason" exception, as discussed in Commonwealth v. Dew, 478 Mass. 304, 313 (2017), for the above stated reasons.